STATE OF TENNESSEE - COUNTY OF COFFEE
14TH JUDICIAL DISTRICT

**Plaintiff:** Jane Doe No. 1 and Jane Doe No. 2 as next-friend and Mother of minor Plaintiff, Jane Doe No. 1

vs.

**Defendant:** Bojangles' Restaurants, Inc.

FILE NO. 2019-CV-59

FILED
CHANCERY COURT, COFFEE CO, TN
MAR 0 1 2019
TIME 10:05 AM

To the above named Respondent: Bojangles' Restaurants, Inc.
c/o CT Corporations System
300 Montvue Road
Knoxville, TN 37919

You are summoned to appear and defend a civil action filed against you in Chancery Court, Coffee County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Petitioner's attorney at the address listed below. +Inter., RFA + RFP

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: March 1, 2019.

Sheila B. Proffitt, Clerk and MASTER
By [signature] Deputy Clerk

**ATTORNEY FOR PETITIONER or PETITIONER'S ADDRESS:**
Burrow Lee, PLLC, Jason A. Lee, Esq.
611 Commerce St., Suite 2603
Nashville, TN 37203

**NOTICE**

**TO THE DEFENDANT(S):**
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of this list. Certain items are automatically exempt by law and do not need to be listed; these items include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. (T.C.A. 26-2-114)

TO THE SHERIFF: Please execute this summons and make your return hereon as provided by law.

Sheila B. Proffitt, CLERK & MASTER
BY _____, D.C.

Received this summons for service this _____ day of _____, 20___.

_____
Officer

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 20____,
I served this summons together with the complaint herein as follows:_____
_____

_____
· OFFICER

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20____ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _____ to the defendant, _____. On the _____ day of _____, 20___ I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is attached to this original summons and both documents are being sent herewith to the Chancery Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON
THIS _____ DAY OF _____, 20___
_____
_____ NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: _____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER
PERSON AUTHORIZED BY STATUTE TO
SERVE PROCESS

### PUBLIC NOTICE

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to provide access to all of its programs, services and activities to qualified individuals with disabilities.

This notice is provided as required by Title II of the Americans with Disabilities Act of 1990.

If you need assistance, have questions or need additional information, please contact your Local Judicial Program ADA Coordinator:

Heather Hinds Duncan
Justice Center
300 Hillsboro Boulevard, Box 16
Manchester, Tennessee 37355
931-723-5110
heatherd@coffeecountytn.org

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

Sheila K. Morris
511 Union Street, Suite 600
Nashville, Tennessee 37219
615-741-2687 or 800-448-7970
adacoordinator@tncourts.gov

The Tennessee Judicial Branch Americans with Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at www.tsc.state.tn.us.

| | |
|---|---|
| JANE DOE NO. 1 and ) <br> JANE DOE NO. 2 as next friend and ) <br> mother of minor plaintiff, Jane Doe No. 1 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOJANGLES' RESTAURANTS, INC. ) <br> ) <br> Defendant. ) | DOCKET NO. 2019-CV-59 <br><br> **12 PERSON JURY DEMANDED** <br> FILED <br> CHANCERY COURT, COFFEE CO, TN <br><br> MAR 0 1 2019 <br><br> TIME 10:05 AM |

## COMPLAINT FOR DAMAGES

Comes now, the Plaintiff, Jane Doe No. 1, by and through counsel and through her mother, Jane Doe No. 2, as next friend of minor, Jane Doe No. 1, and provides facts and law in support of the Complaint filed against Defendant, Bojangles' Restaurants, Inc. Plaintiff would show unto the Court as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Jane Doe No. 1 (hereinafter referred to as "Plaintiff"), is a citizen and resident of Tennessee. She is a minor. She is 16 years old as of the date of the filing of this Complaint. Due to the nature of this case, Jane Doe No. 1 desires that she not be identified because of the grievous nature of the sexual harassment that she sustained and the fact she wants her identity protected from the public to prevent further harm to her. This also requires the identity of her mother, Jane Doe No. 2, to remain hidden so her identity cannot be determined. It is appropriate for Jane Doe No. 1 to proceed as a Jane Doe due to the sensitivity of the sexual harassment allegations in the Complaint and the fact she is a minor.

2. Jane Doe No. 2, is the mother and custodial parent of Plaintiff, Jane Doe No. 1. Jane Doe No. 2 resides in Tennessee.

3. Defendant, Bojangles' Restaurants, Inc. (hereinafter referred to as "Bojangles"), is a Delaware corporation doing business in Coffee County, Tennessee. Bojangles owns and operates a restaurant located in Coffee, Tennessee where the Plaintiff was employed. Bojangles where Plaintiff was employed is located at 2206 Hillsboro Blvd., Manchester, TN 37355. Defendant Bojangles has greater than 500 employees. Bojangles is registered with the Tennessee Secretary of State as an incorporated entity and the Registered Agent is listed as CT Corporation System and can be served at 300 Montvue Road, Knoxville, TN 37919.

4. Venue and jurisdiction are appropriate in this Court. The acts stated herein, and the employment of the Plaintiff occurred within Coffee County, Tennessee.

## FACTS

5. Plaintiff is a 16-year-old high school student. She began working for Bojangles in approximately July 2018 as a crew member. In the months after the Plaintiff started working at the Defendant, a manager, Joseph Sherman, started to sexually harass the Plaintiff. Joseph Sherman is an adult and is believed to be approximately 25 years of age. Joseph Sherman would frequently be the only manager on site running the store on many occasions while working with the Plaintiff and others.

6. Joseph Sherman made sexual comments, sexual jokes and sexual innuendos directed at the Plaintiff and around the Plaintiff as follows:

    a. Mr. Sherman told the Plaintiff she was "attractive."

    b. Mr. Sherman told the Plaintiff that "he can look but not touch" her.

c.     Mr. Sherman said he wished Bojangles would stop hiring "hot minors."

d.     Mr. Sherman made comments directed at Plaintiff such as just "two more years" or that she needed to "just wait" until she was 18 years of age. The implication was that he wanted to have sex with her.

e.     Mr. Sherman would stand inappropriately close to the Plaintiff.

f.     Mr. Sherman commented about pieces of chicken that looked like a penis. He would show them to the Plaintiff and laughed about how it looked like a penis.

g.     On one occasion, the assistant manager Debbie slapped the Plaintiff on the buttocks. Mr. Sherman then commented "oh if I did that I would get slapped."

h.     In approximately September or October 2018, Joseph Sherman went into the women's bathroom and shut the door with the Plaintiff. He then got very close to her and pressed his belly against her buttocks in an inappropriate and intentional manner.

i.     In October or November 2018, Mr. Sherman picked up the Plaintiff around her stomach on multiple occasions. Her buttocks were pressed against his chest in an inappropriate way.

j.     On one occasion the Plaintiff wore a certain type of perfume. Apparently, Mr. Sherman thought it smelled like pancake syrup. He then talked about how pancakes were "wet and moist" and that he liked pancakes. Another employee commented to Mr. Sherman that "you know what that sounds like". Joe Sherman acknowledged and said "yeah" and laughed. In the

context of the conversation, he was clearly referring to the Plaintiff as being "wet and moist" and specifically referring to her vagina.

k. On one occasion in the fall of 2018 Joseph Sherman picked up the Plaintiff without her consent and put her over his shoulder. When he did this, her breasts were touching his back and the Plaintiff's vagina was touching his shoulders. Plaintiff then began to fall and she accidently touched Mr. Sherman's buttocks as she fell to try to stabilize herself and he then asked her "can I do that?"

l. In late fall 2018, Joseph Sherman picked up the Plaintiff. He carried her for a significant period of time. Once again, her breasts were touching his back. Her vagina was touching his shoulder. As he was carrying her, he slapped her buttocks and said, "hey booty". This was a sexual assault of the minor plaintiff.

m. Joseph Sherman purchased alcohol for Plaintiff on multiple occasions.

n. Joseph Sherman purchased alcohol for other female minor employees of Bojangles and he would meet with them off of the premises to give them the alcohol.

o. Mr. Sherman messaged the Plaintiff on one occasion to "don't be a bad girl" with a smiley face emoticon

p. Mr. Sherman often stared at the Plaintiff's body in a sexual manner

7. The management at Bojangles knew or should have known what was going on with Joseph Sherman's open and obvious sexual harassment of the Plaintiff. In fact, this was actually encouraged by management. On one occasion, a manager commented

to Joseph Sherman that "I see you sweating over there talking to her" when he was talking to the Plaintiff. This was clearly implying that Joseph Sherman had a sexual attraction and sexual crush on the Plaintiff. Additionally, management knew how Joseph Sherman treated the attractive minor female employees. Other managers did nothing to prevent or stop this sexual harassing behavior. Additionally, Joseph Sherman himself was a manager at Bojangles.

8. In approximately December 2018, the Plaintiff talked to another individual about sexual harassing conduct of Joseph Sherman. That individual told a manager (the manager already knew about sexually harassing conduct of Mr. Sherman) and specifically discussed the buttocks slapping incident. The Defendant, as a result, was aware in December 2018 about the sexual assault of the Plaintiff including the butt slapping incident. The Plaintiff did a statement for Bojangles management. Despite this fact, the mother of the minor child, Plaintiff (Jane Doe No. 2) was never informed about the sexual assault of the Plaintiff. Bojangles had contact information for the mother of minor Plaintiff and in fact the mother of the minor Plaintiff had to sign off on her being employed at Bojangles, despite this fact Bojangles did not contact the mother of minor Plaintiff.

9. After the buttocks slapping incident was reported, the hours of the Plaintiff were modified. It appears Bojangles attempted to keep the Plaintiff from not working with Mr. Sherman instead of immediately terminating Mr. Sherman for sexually assaulting a minor female employee. Bojangles decided to intentionally continue to employ a manager who sexually assaulted a minor female employee. Further, the Plaintiff was compelled to work with Mr. Sherman during the overlap of their shifts on occasion. They would still be together for time periods when their shifts overlapped. This is completely and totally

unacceptable, forcing a minor Plaintiff to work with an adult who sexually harassed and sexually assaulted her. This impacted the hours Plaintiff was getting as well as her ability to work in a negative manner. In mid-January 2019, the Plaintiff talked to her mother about what had happened at Bojangles. Mother, Jane Doe No. 2, was extremely upset at the fact she was not contacted by Bojangles about what had occurred to her daughter. It was clear Bojangles had completely failed in protecting the minor Plaintiff. As a result, minor Plaintiff resigned her position. Any reasonable person in Plaintiff position would resign her position and she felt compelled to do so based on the actions and failures of Bojangles.

10. Another manager at Bojangles, Alex Blake, who is an adult, apparently had some type of issue at Bojangles and was moved stores. Despite this fact, he continued to snapchat Plaintiff. If individuals sent snaps on a daily basis then they have a "streak" of snap messages. He messaged her after he left the store and told her that he wanted to keep up their streak. He also sent a message to the Plaintiff that when she turns 18 if there is a spark then they can get together. Clearly the implication, once again, from a manager at Bojangles is a desire to have a sexual relationship with a minor. In this situation, it would be once the minor Plaintiff becomes an adult – but he relayed this desire to her when she was 16 years of age.

11. The actions of the adult managers of Bojangles, to the extent that he went forward with any sexual interaction with a 16-year-old minor would be Aggravated Statutory Rape under Tennessee law, specifically under T.C.A. § 39-13-506. Aggravated Statutory Rape is a class D felony under Tennessee law. This is disgusting and vial behavior for an older man to sexually objectify and imply the desire to have sex with a

minor, which is clearly an illegal felonious act. Further under T.C.A. § 39-13-528, it is a felony to solicit "directly or through another" to "request... persuade, invite or attempt to induce" a minor to participate in statutory rape.

12. Further, Bojangles managers, employees and representatives who are adults violated T.C.A. § 37-1-403 et al. for failing to report the clear sexual abuse and sexual assault of a minor that occurred on their premises, with their knowledge to a minor female employee from a manager at Bojangles. The sexual assault and sexual battery directed at the Plaintiff clearly violates multiple Tennessee statutes including T.C.A. § 39-13-505 and other statutes aimed at protecting individuals from inappropriate sexual contact. Further, there are additional statues protecting minors from sexual contact by an authority figure in Tennessee. The Defendant through its managers and representatives knew of the violations of these Tennessee statues and failed to report the conduct to the adult mother of the Plaintiff and to the authorities as required under Tennessee law.

13. Due to the actions of the Defendant, the Plaintiff has suffered severe mental injury and other damages. The actions of Bojangles, through sexual harassment, sexually hostile work environment and sex discrimination have caused the Plaintiff to experience nausea, severe weight loss, sleeplessness, depression, anxiety, crying spells, emotional outbursts, fright, horror, shame, humiliation, embarrassment, anger, disappointment, worry, paranoia, fear of older men sexually assaulting the Plaintiff as well as a financial impact due to the loss of her job.

## COUNT I – SEXUAL HARASSMENT, SEXUALLY HOSTILE WORK ENVIRONMENT AND SEXUAL DISCRIMINATION UNDER THE TENNESSEE HUMAN RIGHTS ACT

14. Plaintiff incorporates all paragraphs and allegations in this complaint listed above as fully alleged herein within Count I of this complaint.

15. The sexual harassment, sexually hostile work environment and sex discrimination provided to Plaintiff at Bojangles constituted discriminatory practices as defined in the Tennessee Human Rights Act as defined T.C.A. § 4-21-102(4) and T.C.A. § 4-21-401.

16. The sexual harassment, sexually hostile work environment and sex discrimination due to the Plaintiff's sex violates the Tennessee Human Rights Act.

17. Bojangles is an "employer" as defined in the Tennessee Human Rights Act. Bojangles has had, at all relevant times to this situation, in excess of 8 employees. Bojangles has in excess of 500 employees at all times relevant to the issues in this Complaint.

18. Plaintiff suffered unwelcome sexual harassment and a sexually hostile work environment based on her gender.

19. There is a proximate causal connection between the sexual harassment and sexually hostile work environment (discussed above in detail) at Bojangles that she suffered at her place of employment, associated with her female gender. The sexual harassment and sexually hostile work environment demands on the Plaintiff were specifically because she was female. The unwelcome sexual harassment and sexually hostile work environment claims suffered by Plaintiff at Bojangles affected the terms, conditions and privileges of her employment solely based on her sex. She was constructively discharged due to the clear actions of her employer. A reasonable person in this situation would feel compelled to resign.

20. Bojangles had full knowledge of the harassing actions and sexually hostile work environment. Plaintiff reported the sexual harassment to her supervisors. One of

her supervisors was the primary sexual harasser. Despite this, Bojangles kept the sexual harasser working in the store and he was scheduled to work with the minor plaintiff and after the written statement was completed in December 2018 his shifts would sometimes overlap with the shifts of the Plaintiff. This subjected her to additional sexual harassment. The Defendant acted unreasonably and inappropriately in response to what occurred to the Plaintiff.

21. The sexual harassment, sexually hostile work environment and sex discrimination to which the Plaintiff was subjected constituted a grossly, unreasonable, abusive and offensive work-related environment. This adversely affected the Plaintiff's ability to do her job and ultimately resulted in her being constructively discharged. This constructive discharge was due to the sexual harassment and sexually hostile work environment claim she was subjected to during her employment and the reaction and response of the Defendant.

22. Bojangles did not take steps to sufficiently control or stop the sexual harassment and sexually hostile work environment at Bojangles. Plaintiff was expected to work within the environment provided by the Defendant as described in this Complaint.

23. Plaintiff is entitled to compensatory damages including back pay, front pay, interest, punitive damages, damages for humiliation and embarrassment proximately caused by the sexual harassment, sex discrimination and sexually hostile work environment at Bojangles. Due to the actions of the Defendant, the Plaintiff has suffered severe mental injury and other damages. The actions of Bojangles, through sexual harassment, sexually hostile work environment and sex discrimination have caused the Plaintiff to experience nausea, severe weight loss, sleeplessness, depression, anxiety,

crying spells, emotional outbursts, fright, horror, shame, humiliation, embarrassment, anger, disappointment, worry, paranoia, fear of older men sexually assaulting the Plaintiff as well as a financial impact on her. Further, under the Tennessee Human Rights Act Plaintiff is entitled to an award of attorney's fees and costs for this litigation.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff incorporates all paragraphs and allegations in this Complaint listed above as fully alleged herein within Count II of the Complaint.

25. Plaintiff asserts that Defendant, Bojangles is responsible for the intentional infliction of emotional distress of the Plaintiff.

26. The actions of Bojangles their representatives, employees and agents were intentional and/or reckless. The abusive sexual harassment and sexually hostile work environment (as more fully described above) constituted intentional and reckless behavior of Bojangles. Further, this behavior is outrageous and is not to be tolerated by civilized society.

27. Due to the actions of the Defendant, the Plaintiff has suffered severe mental injury and other damages. The actions of Bojangles, through sexual harassment, sexually hostile work environment and sex discrimination have caused the Plaintiff to experience nausea, severe weight loss, sleeplessness, depression, anxiety, crying spells, emotional outbursts, fright, horror, shame, humiliation, embarrassment, anger, disappointment, worry, paranoia, fear of older men sexually assaulting the Plaintiff as well as a financial impact on her. Punitive damages are appropriate due to this outrageous conduct as more fully described above and in order to appropriately punish the Defendant for the Defendant's conduct.

Case 4:19-cv-00026-TAV-SKL   Document 1-1   Filed 04/02/19   Page 12 of 15   PageID #: 16
EE Doe Complaint 190222
10

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiff incorporates all paragraphs and allegations in this complaint listed above as fully alleged herein within Count III of the complaint.

29. Plaintiff asserts that Defendant is responsible for negligent infliction of emotional distress on the Plaintiff.

30. The actions of Bojangles their representatives, employees, owners and agents were negligent. The sexual harassment and sexually hostile work environment and reactions of management at Bojangles to the sexually harassing conduct (as more fully described above) constituted negligent behavior on behalf of Bojangles. Due to the actions of the Defendant, the Plaintiff has suffered severe mental injury and other damages. The actions of Bojangles, through sexual harassment, sexually hostile work environment and sex discrimination have caused the Plaintiff to experience nausea, severe weight loss, sleeplessness, depression, anxiety, crying spells, emotional outbursts, fright, horror, shame, humiliation, embarrassment, anger, disappointment, worry, paranoia, fear of older men sexually assaulting the Plaintiff as well as a financial impact on her.

**Wherefore, Plaintiff prays for the following relief;**

1. That proper process issue requiring the Defendant to answer this complaint in time prescribed by law;

2. Plaintiff moves this Court for an Order granting default judgement pursuant to Tennessee Rule of Civil Procedure 55 should the Defendant fail to answer the Complaint within the timeframe required by law;

3. Plaintiff demands damages for back pay, front pay, punitive damages, interest, damages for humiliation and embarrassment proximately caused by the sexual harassment, sex discrimination and sexually hostile work environment at Bojangles.

4. Plaintiff demands compensatory damages against the Defendant in an amount to be determined by the trier of fact, but not in excess of $950,000.00. Plaintiff reserves the right to amend the complaint and monetary ad damnum to increase or decrease the damages based on appropriate factors;

5. That punitive damages be awarded in favor of the Plaintiff against the Defendant in an amount not to exceed $1,500,000.00;

6.. That Plaintiff be awarded attorney's fees, litigations expenses and costs for the prosecution of this claim as provided under Tennessee law specifically under the Tennessee Human Rights Act;

7. Plaintiff also requests general and equitable relief that may be available to the Plaintiff.

8. Plaintiff requests the Defendant be required to pay all court costs, discretionary expenses and associated fees for this litigation;

9. That a jury of twelve (12) people try this cause; and

10. For any and all general just, reasonable, and necessary relief to which Plaintiff is entitled.

Respectfully submitted,

_____ 2/26/19

**JASON A. LEE**
Registration No: 22890
Attorney for Plaintiff

**BURROW LEE, PLLC**
611 Commerce Street, Suite 2603
Nashville, TN 37203
(615) 540-1005
Direct: (615) 540-1004
jlee@burrowlee.com