UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JANE DOE NO. 1 by and through<br>JANE DOE NO. 2, as next friend and mother<br>of minor Plaintiff,<br><br>Plaintiff,<br><br>v.<br><br>BOJANGLES' RESTAURANTS, INC.,<br><br>Defendant. | No. 4:19-CV-26-TAV-SKL |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Strike Certain Defenses in Defendant's Answer [Doc. 14], with a supporting brief [Doc. 15]. Defendant filed a response in opposition to the motion [Doc. 16].[1] Plaintiff did not file a reply. The motion is now ripe for adjudication and has been referred pursuant to 28 U.S.C. § 636 [Doc. 17]. For the reasons stated herein, I recommend that Plaintiff's motion be denied.

**I.    BACKGROUND**

Plaintiff's motion, filed pursuant to Federal Rule of Civil Procedure 12(f), asserts the following 11 of 17 defenses pleaded by Defendant should be stricken:

> 3. Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.
> \*\*\*
> 5. Any improper, illegal, discriminatory, or retaliatory actions by any employee of Defendant were independent, intervening, and

---

[1] Although Defendants refer to "Plaintiffs" in the plural, the case is brought by Jane Doe No. 1 by and through her mother, Jane Doe No. 2, as next friend. The Court will refer to Plaintiff in the singular, and will not note or correct any references to "Plaintiffs" in the plural in quoted material.

unforeseeable acts that were not ratified, confirmed, or approved by Defendant and thus cannot be attributed or imputed to Defendant.

6. Defendant has in place a clear and well-disseminated policy against harassment and discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Plaintiffs unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise, and therefore Plaintiffs' claims of alleged harassment and/or discrimination are barred.

7. Defendant had no actual or constructive notice of the alleged conduct of which Plaintiffs now complain and was, thereby, deprived of the opportunity to investigate and/or to take prompt, remedial and appropriate action.

8. The conduct of which Plaintiffs complain was not unwelcome to Plaintiffs.

9. The conduct of which Plaintiffs complain was not because of sex or of a sexual nature.

10. To the extent Plaintiffs complained adequately of allegedly unlawful harassing, discriminatory, or retaliatory actions, Defendant undertook a prompt investigation and made an appropriate remedial response.
***
13. Plaintiffs failed to mitigate or reasonably attempted to mitigate alleged damages, if any, as required by law.

14. Plaintiffs' claims are barred, in whole or in part, by the doctrine of judicial estoppel.

15. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

16. Plaintiffs' claims are barred, in whole or in part, by the doctrine of after acquired evidence.

[Doc. 9].

## II. ANALYSIS

Plaintiff argues all of the above defenses, some of which are not listed affirmative defenses under Fed. R. Civ. P. 8(c)(1), should be stricken because they are insufficiently pleaded and do not meet the plausibility standard established for certain pleadings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff contends that, under the *Twombly*/*Ashcroft* plausibility standard, the above affirmative defenses are not sufficiently pleaded because they provide nothing more than conclusory statements without any factual support. Plaintiff also argues the third affirmative defense, which asserts a statute of limitations, and affirmative defenses 14 and 15, which assert estoppel and unclean hands, should be stricken because they have no basis in fact and/or law. Plaintiff acknowledges that the Sixth Circuit Court of Appeals has not yet ruled on whether the *Twombly*/*Ashcroft* plausibility standard applies to affirmative defenses, and notes some other district courts within the circuit have applied the standard to hold a defendant must plead sufficient facts to demonstrate a plausible affirmative defense.[2] Plaintiff also relies on a recent out-of-circuit case, *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2nd Cir. 2019) (applying the *Twombly*/*Ashcroft* plausibility standard and striking prejudicially late filed affirmative defenses and counterclaims), as persuasive authority supporting her argument that the *Twombly*/*Ashcroft* plausibility standard should be applied to affirmative defenses since the Sixth Circuit has not directly opined on this issue.

---

[2] As many courts have noted, there is a split among the courts as to whether the *Twombly/Iqbal* plausibility standard is applicable to affirmative defenses. *Compare Ruff v. Credit Adjustment, Inc.*, No. 2:18-CV-351, 2018 WL 4019464, at *2 (S.D. Ohio Aug. 23, 2018) (declining to extend the *Twombly*/*Iqbal* pleading requirements to affirmative defenses), *with Doe by & through Doe v. Bd. of Educ.*, No. 2:16-CV-524, 2017 WL 3588727, at *3 (S.D. Ohio Aug. 21, 2017) ("These affirmative defenses contain no facts whatsoever, and therefore do not meet the plausibility standards laid out in *Twombly* and *Iqbal*.").

3

Defendant responds that it has complied with the applicable notice pleading requirements of Federal Rule of Civil Procedure 8, noting neither this Court nor the Sixth Circuit has held the plausibility standard applies to affirmative or additional defenses.  Defendant contends all of its defenses are properly pleaded in general terms that give Plaintiff fair notice of the nature of each defense.  Defendant also argues motions to strike are viewed unfavorably by the courts and that Defendant has a good faith basis for each asserted defense at issue.  Alternatively, Defendant argues it should be given permission to amend any defense that might be stricken if the *Twombly*/*Ashcroft* plausibility standard is applied.

"The court may strike from a pleading an insufficient defense . . . ."  Fed. R. Civ. P. 12(f).  The Sixth Circuit has held that "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.  It is a drastic remedy to be resorted to only when required for the purposes of justice."  *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 821-22 (6th Cir. 1953).  The *Brown* court further held "[a] motion to strike should be granted only when the pleading to be stricken *has no possible relation to the controversy*."  *Id.* at 822 (emphasis added).

The function of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case.  *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).  A motion to strike should be granted only if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings."  *Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Williams v. Jader*

4

*Fuel Co*., 944 F.2d 1388, 1400 (7th Cir. 1991) (citations and internal quotation marks omitted in original)).

As held by this Court,

>Under the current Sixth Circuit approach, "'an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the offense.'" *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (emphasis added) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274)). In *Lawrence*, which involved a § 1983 civil rights action, the Court of Appeals held that it was sufficient for the defendants to plead that they were "entitled to qualified immunity for all activities complained of in this complaint." *Id*. The *Lawrence* court relied upon an earlier decision in *Davis v. Sun Oil Co*., in which the court declined to strike an affirmative defense that alleged—in very general terms that "Plaintiffs' claims are barred by the doctrine of res judicata." 148 F.3d 606, 612 (6th Cir. 1998). Recently, the Court of Appeals held in a post-*Twombly* decision that the defendant sufficiently pleaded a statute of repose defense when its answer stated that "Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose." *Montgomery v. Wyeth*, 580 F.3d 455, 467 (6th Cir. 2009).

*Sewell v. Allied Interstate, Inc.*, No. 3:10-CV-113, 2011 WL 32209, at *7 (E.D. Tenn. Jan. 5, 2011) (Phillips, J.).

Undeniably, this Court has repeatedly held the *Twombly/Ashcroft* plausibility standard does not apply to affirmative defenses and all that is required to defeat a motion to strike the affirmative defense is "fair notice." *See, e.g., Id.*; *see also Willis v. Phillips*, 1:18-cv-142, 2018 WL 5983562, at *2-3 (E.D. Tenn. Nov. 14, 2018) (Phillips, J.) (striking unidentified tortfeasor comparative fault defense under state rule requiring sufficient identification, but holding all other asserted defenses sufficiently pleaded and give fair notice); *Bailey v. Gibson Hotel Mgmt., Inc*., No. 3:18-CV-167, 2018 WL 5815548, at *4-5 (E.D. Tenn. Nov. 6, 2018) (Jordan, J.) (declining to strike affirmative defenses finding they gave fair notice of the nature of the defenses); *Beyer v.*

5

*Faris Props., LLC*, No. 3:18-CV-139-JRG-DCP, 2018 WL 7824534, at *2-3 (E.D. Tenn. Oct. 22, 2018) (Poplin, M.J.) (holding affirmative defenses, such as a complaint "fails to state a claim," is "barred by the applicable statute of limitations," and claims are "barred by the equitable doctrines of waiver, estoppel, and unclean hands," are sufficiently pleaded and give fair notice of the defense), *report and recommendation adopted without objection*, No. 3:18-CV-139, 2019 WL 1331737 (E.D. Tenn. Mar. 25, 2019) (Greer, J.); *Ailey v. Midland Funding, LLC*, No. 3:11-CV-77, 2011 WL 3049283, at *4 (E.D. Tenn. July 25, 2011) (Varlan, J.) (declining to strike affirmative defenses of good faith actions, improper venue, statute of limitations, estoppel, res judicata, waiver, laches, unclean hands, and other defenses finding that they gave fair notice of their nature). Other courts have reviewed similar affirmative defenses and also held they were sufficient in the absence of a *Twombly*/*Ashcroft* plausibility pleading requirement. *See Ruff*, 2018 WL 4019464, at *3 (finding that defendant's affirmative defense that plaintiff's claims "are barred in whole or in part by the applicable statute of limitations, res judicata, and/or collateral estoppel, and the doctrine of unclean hands" sufficient to give plaintiff fair notice of the nature of the offenses); *Sprint Sols., Inc. v. Shoukry*, No. 2:14-CV-00127, 2014 WL 5469877, at *4 (S.D. Ohio Oct. 28, 2014) (declining to strike defendant's affirmative defense that the complaint failed to state a cause of action upon which relief can be granted, noting that courts routinely accept "failure to state a claim" as a properly pleaded affirmative defense).

Given this Court's consistent, well-reasoned opinions on the issue and the Sixth Circuit's holding in *Montgomery*, the recent out-of-circuit authority cited by Plaintiff, s*ee GEOMC Co.*, 918 F.3d at 98, although also well-reasoned, does not persuade me this Court would now apply the *Twombly*/*Ashcroft* plausibility standard to affirmative defenses in the absence of binding authority requiring the application of that standard. I also note that Rule 8(c)(1) merely provides that in

6

"responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." *See Ruff*, 2018 WL 4019464, at *2 ("Declining to apply the *Twombly*/*Iqbal* standard to defenses is consistent with Rule 8.").

Therefore, I decline to recommend adopting the *Twombly*/*Ashcroft* plausibility standard in this case. *See Sewell*, 2011 WL 32209, at *6 (holding that "because the Supreme Court and the Court of Appeals for the Sixth Circuit have not expressly held that the heightened pleading standard applies to defenses, this Court declines to adopt such a standard."). Accordingly, "an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff *fair notice of the nature of the offense*." *Sewell,* 2011 WL 32209, at *7 (quoting *Lawrence v. Chabot,* 182 F. App'x 442, 456 (6th Cir. 2006) (other citation omitted)) (emphasis in *Sewell*).

As a result, the crux of Plaintiff's argument for striking all 11 of the defenses—that because there are no facts pleaded to support the defenses, they fail under the *Twombly*/*Ashcroft* plausibility standard—fails. Defendant also argues the asserted "not unwelcome conduct," statute of limitations, estoppel, and waiver defenses fail because there is no alleged factual or legal basis supporting these defenses. I **FIND** these challenged defenses also give Plaintiff fair notice of the nature of the defenses and contain a level of detail that the Sixth Circuit and this Court have found to provide sufficient notice and basis in other cases. *See Ailey*, 2011 WL 3049283, at *4 (holding a statute of limitations affirmative defense should not be stricken even though the alleged violations all occurred within the year prior to the filing of the complaint in the absence of any demonstrated prejudice); *see also Montgomery*, 580 F.3d at 467 (finding defendant sufficiently plead an affirmative defense that stated "Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose"). Plaintiff has failed to show that Defendant's

7

defenses have "no possible relation to the controversy." *Brown*, 201 F.2d at 822.  Plaintiff has also failed to demonstrate that the affirmative defenses cannot succeed under any circumstances.  Moreover, Plaintiff has not asserted any real prejudice in allowing the affirmative defenses to stand in the answer, presumably because it is early in the litigation and Defendant bears the burden of proving the defenses.

Whether there is a sufficient legal and factual basis for Defendant's defenses will be established during the discovery process.  Moreover, Plaintiff will have potential recourse if any of the defenses violate Federal Rule of Civil Procedure 11 contrary to Defendant's representation that it has a good faith basis for the assertion of each defense.

## III.   CONCLUSION

For the reasons set forth above, I **RECOMMEND**[3] that the motion to strike [Doc. 14] be **DENIED**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the district court's order.  *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985).  The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).